8:15-mc-00049-UNA   Doc # 2   Filed: 04/29/15   Page 1 of 6 - Page ID # 17
Case 2:15-cv-01130-ADS-AKT   Document 9   Filed 04/21/15   Page 1 of 6 PageID #: 45
Case 2:15-cv-01130-ADS-AKT   Document 1   Filed 03/04/15   Page 10 of 15 PageID #: 10



LORETTA E. LYNCH
United States Attorney for the
Eastern District of New York
By: MARY M. DICKMAN
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201
T. (718) 254-6022
F. (718) 254-5702
Email: mary.dickman@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 21 2015 ★

LONG ISLAND OFFICE

8:15mc49

| | |
|---|---|
| UNITED STATES OF AMERICA, on behalf of its agency, the United States Small Business Administration | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Civil Case No. |
| WESTBURY INVESTMENT PARTNERS SBIC, L.P. | ) ) ) |
| Defendant. | ) ) ) |

## JUDGMENT AND ORDER

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction, and the appointment of the SBA as Permanent Receiver for Westbury Investment Partners SBIC, L.P. The Court, being fully advised in the merits, and based upon the consent of the parties, believes this relief should be granted:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Westbury Investment Partners SBIC, L.P. ("WIPS"), and all of its assets,

8:15-mc-00049-UNA   Doc # 2   Filed: 04/29/15   Page 2 of 6 - Page ID # 18
Case 2:15-cv-01130-ADS-AKT   Document 9   Filed 04/21/15   Page 2 of 6 PageID #: 46
Case 2:15-cv-01130-ADS-AKT   Document 1   Filed 03/04/15   Page 11 of 15 PageID #: 11

wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of WIPS to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of WIPS's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the partners, managers, officers, and directors of WIPS under applicable state and federal law and by the Certificate of Limited Partnership and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The partners, managers, directors, officers, employees and agents of WIPS are hereby dismissed. Such persons shall have no authority with respect to WIPS's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of WIPS and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of WIPS, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. WIPS shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of WIPS as well as the names, addresses and amounts of claims of all known creditors of WIPS. All persons having control, custody or possession of any assets or property of WIPS are hereby directed to turn such property over to the Receiver.

8:15-mc-00049-UNA   Doc # 2   Filed: 04/29/15   Page 3 of 6 - Page ID # 19
Case 2:15-cv-01130-ADS-AKT   Document 9   Filed 04/21/15   Page 3 of 6 PageID #: 47
Case 2:15-cv-01130-ADS-AKT   Document 1   Filed 03/04/15   Page 12 of 15 PageID #: 12

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, general partners, employees, limited partners, creditors, debtors and agents of WIPS. All persons and entities owing any obligations or debts to WIPS shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if WIPS had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of WIPS, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. WIPS's past and/or present officers, directors, agents, managers, general partners, limited partners, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer

3

8:15-mc-00049-UNA   Doc # 2   Filed: 04/29/15   Page 4 of 6 - Page ID # 20
Case 2:15-cv-01130-ADS-AKT   Document 9   Filed 04/21/15   Page 4 of 6 PageID #: 48
Case 2:15-cv-01130-ADS-AKT   Document 1   Filed 03/04/15   Page 13 of 15 PageID #: 13

under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to WIPS. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of WIPS or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to WIPS, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving WIPS or any assets of WIPS, involving WIPS or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by WIPS's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of WIPS, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving WIPS or any of its assets or any action of any nature taken by WIPS's present or past officers, directors, managers, or general partners sued for, or in connection with,

4

8:15-mc-00049-UNA   Doc # 2   Filed: 04/29/15   Page 5 of 6 - Page ID # 21
Case 2:15-cv-01130-ADS-AKT   Document 9   Filed 04/21/15   Page 5 of 6 PageID #: 49
Case 2:15-cv-01130-ADS-AKT   Document 1   Filed 03/04/15   Page 14 of 15 PageID #: 14

any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. As to a cause of action accrued or accruing in favor of WIPS against a third person or party, any applicable statute of limitations is tolled during the period in which this injunction against the commencement of legal proceedings is in effect.

10. WIPS and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of WIPS to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

11. The Receiver is authorized to borrow on behalf of WIPS, from the SBA, up to $1,000,000, and is authorized to cause WIPS to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of WIPS, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of partners of WIPS.

12. This Court determines and adjudicates that WIPS has violated the SBIA and the

8:15-mc-00049-UNA   Doc # 2   Filed: 04/29/15   Page 6 of 6 - Page ID # 22
Case 2:15-cv-01130-ADS-AKT   Document 9   Filed 04/21/15   Page 6 of 6 PageID #: 50
Case 2:15-cv-01130-ADS-AKT   Document 1   Filed 03/04/15   Page 15 of 15 PageID #: 15

Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that WIPS's license as an SBIC been revoked.

13. The United States Small Business Administration is further entitled to a judgment in the total sum of $ _____, including $84,675,000 in principal, $ _____ in interest as of October 31, 2014, with a per diem interest rate of $ 9,504.71 up to the date of entry of this Order, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order, minus any payments made to Plaintiff thereon.

Case remains closed

**AGREED AND ACKNOWLEDGED:**

Westbury Investment Partners SBIC, L.P.
By: Westbury SBIC, Inc. - Its General Partner

By: _____
    CEO

U.S. Small Business Administration

By: _____
Thomas G. Morris, Director
Office of SBIC Liquidation

SO ORDERED, this 21st day of APRIL, 2015.

s/ Arthur D. Spatt
_____
UNITED STATES DISTRICT COURT JUDGE
Arthur D. Spatt

6